IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CODY POWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-13-1297-R |
| v. | ) |
| | ) |
| MICHAEL ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, who appears *pro se*, filed this action seeking a writ of mandamus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the Court is the Motion to Dismiss filed by Warden Addison. Petitioner was advised of the opportunity to respond to the Motion to Dismiss on or before April 24, 2014. However, to this date Petitioner has not responded, and the time given Petitioner to respond has expired. For the following reasons, it is recommended that the Petition be construed as a petition seeking habeas relief pursuant to 28 U.S.C. § 2241 and that the Motion to Dismiss the Petition be denied.

I. Petition

In his Petition for Writ of Mandamus (Emergency) filed December 10, 2013, Petitioner names only the "Court" as the Respondent. In his two-page, handwritten Petition,

1

Petitioner alleges that his constitutional rights were violated in a disciplinary proceeding conducted at the James E. Hamilton Correctional Center ("JEHCC") in Hodgen, Oklahoma. Petitioner asserts that after he was found guilty of a misconduct in the disciplinary proceeding he was transferred from JEHCC to the Joseph Harp Correctional Center ("JHCC") in Lexington, Oklahoma, where he was confined when he filed the Petition.[1] See Petition, att. 8.

Petitioner asserts in the Petition that on October 24, 2012, he was notified that he had been charged with the misconduct offense of Individual Disruptive Behavior. Petitioner alleges that he was deprived of due process in the disciplinary proceeding for this misconduct charge because (1) the hearing on the misconduct charge was postponed from October 26, 2012, to October 30, 2012, without notice, (2) the investigator, Mr. Kincaid, did not provide him a copy of the incident report, (3) the investigator did not take a written statement from Petitioner but noted on the investigation report that Petitioner would make a statement at the hearing, (4) the investigator did not "collect relevant material such as the incident from the 'event' when the correctional officer used excessive force which resulted in the Petitioner sustaing [sic] an injury," and (5) the investigator "did not attempt to aide me in locating and identifying witnesses in accordance with the D.O.C. OP 060125-01." Petition for Writ of Mandamus (Emergency), at 1.

---

[1] On December 17, 2014, soon after he filed this Petition, Petitioner was transferred from JHCC to the Northeast Oklahoma Correctional Center in Vinita, Oklahoma. See Respondent's First Motion to Dismiss, Exs. 1, 2.

Petitioner further contends that the hearing commenced on October 30, 2012, "moments after the Petitioner ingested his medication for depression and antipsychotic [sic] which causes drowsiness," and that he requested the hearing be rescheduled because he was "impaired." Petitioner alleges that the hearing officer, Mr. Shipley, denied the request, and that Mr. Shipley was biased against Petitioner because Petitioner had previously filed grievances against Mr. Shipley.

Petitioner contends that he was unable to administratively appeal the misconduct decision because of the obstruction of prison officials. Petitioner states that after he was found guilty of the misconduct offense he was transferred to JHCC "in mid November" where he was "not allowed to have his property" and "seldomly allowed to have recreation time outside his cell." Petitioner alleges that on December 3, 2012, he gave a copy of his completed misconduct appeal form to a correctional officer at JHCC who advised Petitioner he would not provide Petitioner an envelope for mailing the misconduct appeal but the officer would forward the misconduct appeal form "to the warden who would then forward it to JEHCC."

Petitioner alleges that he later submitted a request to staff ("RTS") form to JHCC officials because he had not received a response to his misconduct appeal, and that JEHCC mistakenly deemed his RTS a "misconduct appeal" and denied the"misconduct appeal" as untimely. Petitioner alleges that the administrative review authority ("ARA") of the Oklahoma Department of Corrections ("ODOC") deemed his "misconduct appeal" out of time and "denied Petitioner due process." Petitioner suggests that the misconduct charge was

3

retaliation against Petitioner for complaining about excessive force that caused injury to Petitioner.

As relief, Petitioner requests that this Court direct ODOC to take certain actions. He demands that the misconduct be vacated and expunged from his institutional record, that his previous classification level be retroactively reinstated, that the sentence credits forfeited in the disciplinary proceeding be returned to his sentence calculation, and that ODOC be directed to transfer him to a minimum security prison.

II. <u>Action Should Be Construed as Petition for Habeas Relief Pursuant to 28 U.S.C. § 2241</u>

In this action, Petitioner seeks a writ of mandamus directing ODOC, a state agency, to take certain actions. Title 28 U.S.C. § 1361, the federal mandamus statute, provides: "The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). By its explicit language, "[n]o relief against state officials or state agencies is afforded by § 1361." <u>Amisub (PSL), Inc. v. Stae of Colo. Dep't of Social Servs.</u>, 879 F.2d 789, 790 (10th Cir. 1989). Thus, this Court would lack jurisdiction over a mandamus action directed to ODOC.

Petitioner's Petition should be construed as a petition under 28 U.S.C. § 2241 seeking habeas relief as Petitioner is challenging the execution of his sentence. See <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . ."); <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's

4

confinement and seeks the remedy of immediate release or a shortened period of confinement.").

Construing the Petition as a 28 U.S.C. § 2241 petition for a writ of habeas corpus, the only proper respondent at the time of the filing of the Petition is Warden Addison, who is the warden of JHCC. See 28 U.S.C. § 2242 (proper respondent in habeas petition is "the person who has custody over [the petitioner]"); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Respondent Warden Addison has therefore been substituted for "Court" as the proper respondent. Respondent Warden Addison has moved to dismiss the action on the basis that Petitioner failed to exhaust available administrative remedies.

III. Exhaustion of Administrative and State Court Remedies

In Respondent's Motion to Dismiss the Petition, Respondent contends that Petitioner has not exhausted available administrative and state judicial remedies. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See Woodford v. Ngo, 548 U.S. 81, 92 (2006); Rose v. Lundy, 455 U.S. 509 (1982).

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available state remedies is required for petitions brought under § 2241. Garza

v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010); Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005)(noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford, 548 U.S. at 90.

For all claims involving misconducts, ODOC has a grievance appeal process. See Motion to Dismiss, Ex. 5, ODOC OP-060125, "Department Offender Disciplinary Procedures." Under this procedure, inmates must submit an appeal to the facility head within 30 days after the misconduct decision. Id. at 19 (ODOC OP-060125(V)(A)). The decision of the facility head must be appealed to the Administrative Review Authority ("ARA") of the ODOC within 30 days of receipt of the decision. Id. at 20 (ODOC OP-060125(V)(B)).

Moreover, "Congress has emphatically directed . . . that habeas petitioners seeking relief in federal court must first exhaust all available state court remedies - that is, unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007)(quoting 28 U.S.C. §2254(b)(1)); see Montez, 208 F.3d at 865 (recognizing that the exhaustion requirements in §2254 apply to petitions brought under § 2241).

In Oklahoma, when earned credits are removed in an institutional disciplinary hearing,

6

the inmate may seek judicial review of the administrative decision. Okla. Stat. tit. 57, § 564.1 (effective May 10, 2005); Motion to Dismiss, Ex. 5 (ODOC OP-060125(V)(D), "Judicial Appeal"). The statute requires that the state district court determine whether the inmate's due process rights were protected, including whether any evidence existed in the record to support the finding of guilt. Okla. Stat. tit. 57, § 564.1(D). The inmate must file the action within 90 days of the date on which he was notified of the ODOC's final decision in the administrative appeal. Id. at § 564.1(A)(1).

IV. Analysis

The record shows that an ODOC offense report was authored by JEHCC Correctional Officer Harvell on October 19, 2012. Officer Harvell charged Petitioner with the misconduct offense of Individual Disruptive Behavior and stated that Petitioner "ran from Cpl. Harvell after being ordered to stop." Motion to Dismiss, Ex. 4. Officer Harvell referred in the offense report to an attached Incident Report and stated that Officer Thompson had witnessed the incident. Officer Harvell stated that Petitioner had been placed in the segregated housing unit and had requested a hearing. However, Petitioner refused to sign the Offense Report.

The Offense Report was referred for investigation, and a hearing was scheduled for October 26, 2012. Petitioner was provided notice of the hearing. Investigating Officer Kincaid prepared an Investigator's Report dated October 19, 2012, indicating Petitioner would "make statement at hearing," that he did not wish to present any witnesses, and that he had received a photocopy/description of the evidence, including copies of the Offense Report, the Investigator's Report, and two Incident Reports completed by Officers Harvell

7

and Thompson.

In a disciplinary hearing conducted on October 30, 2012, Petitioner entered a not guilty plea. Hearing officer Shipley found Petitioner guilty of the misconduct offense and stated in the Disciplinary Hearing Report that the evidence relied on for the finding of guilt included the "offense report, investigator's report, incident reports, officer Harvell's statement that 'on the above date and approximate time offender ran from Cpl. Harvell after being ordered to stop,'" and the fact that "offender Powell did not present evidence in court to refute the charge of Individual Disruptive Behavior 02-9 Class X." Motion to Dismiss, Ex. 7.

Discipline imposed for the misconduct included 30 days segregation in the disciplinary unit and the loss of 365 days of earned credits. The Disciplinary Hearing Report also reflects that a previous suspended punishment for a misconduct of Disobedience to Orders was revoked and Petitioner was punished with consecutive disciplinary measures of 20 days segregation in the disciplinary unit, the loss of 120 days of earned credits, and a reduction to level one classification level for 60 days. Id. The Disciplinary Hearing Report reflects that Petitioner received a copy of the disposition on November 5, 2012. Id.

Petitioner submitted a RTS form to JEHCC Warden dated January 14, 2013, and file-stamped received on January 18, 2013. Motion to Dismiss, Ex. 9. In this RTS, Petitioner stated that "[o]n 12-3-12 [in] JHCC mental health unit [Petitioner] turned in his appeal to warden form for MR 10-19-12. R/O Culwell told [Petitioner] that he did not need an envelope to send in his appeal [and] that he would give it to the warden at JHCC [and] they

8

will forward it. . . . Its [sic] been 45 days [and] I have not received a response." Motion to Dismiss, Ex. 9.

The only written response on this RTS is a note referring Petitioner to an "attached" letter. In this letter dated January 22, 2013, Petitioner was advised by JEHCC Warden's Assistant Benton that his "Misconduct Appeal No. 12-381" was being returned to him unanswered because he failed to timely submit the misconduct appeal "within 30 calendar days after receipt of the decision of a finding of guilt to <u>the facility head of the facility conducting the hearing</u>," as required by ODOC policy OP-060125. Motion to Dismiss, Ex. 9, at 2.

On January 29, 2013, Petitioner submitted "Misconduct Appeal Number 12-381" to ODOC's ARA. Motion to Dismiss, Ex. 10. Petitioner asserted in the appeal to the ARA that he

> filled out the 'appeal to warden' form on 12-2-12 [and] turned it in 12-3-12 (which is w/in 30 days) at the Joseph Harp Correctional Center. I waited 45 days [and] sent a request to staff to JEHCC (beginning of my grievance process) asking why I have not received a response to my appeal. 1-28-13 I received a response from JEHCC stating that they are returning my 'request to staff' unanswered because they said I did not submit my appeal w/in 30 days. They are trying to say that the request to staff form is my appeal which is an error on JEHCC's part. . . . The 'appeal' I'm submitting is to the 'request to staff' NOT to the original appeal form. I feel that misconduct should be dismissed [and] expunged from my record [and] my level along w/ my earned crdits should be reutrned w/out prejudice.

<u>Id.</u> at 2.

In a notice dated February 8, 2013, the ARA advised Petitioner that he had forfeited

9

his opportunity to continue the misconduct appeal process because documentation from the prison indicated his appeal was returned unanswered for procedural reasons, i.e., out of time, and "[o]n 1/22/13 you were ruled out of time by JEHCC." Motion to Dismiss, Ex. 10, at 3.

Petitioner next submitted a grievance at JHCC dated May 13, 2013, in which he asserted that "on 12-3-12 at JHCC on mental health unit I attempted to get an envelope from Corporal Culwell but he refused to give me an envelope. I had to mail a misconduct appeal to a different facility. But I was hindered by Corp. Culwell [and] his excuse was that he would give the appeal to the warden, who would then forward it to the other facility. I gave him the appeal, however when I did not receive a response within 45 days I mailed a RTS to JEHCC regarding no response to the appeal [and] I received a reply to the effect that they never received the appeal, which terminated my appeal process." Motion to Dismiss, Ex. 12 (Grievance No. 13-038).

JHCC Warden Addison responded to the grievance and advised Petitioner that "Corporal Culwell did place your appeal in the mail, as you requested. . . . You were granted due process for the misconduct of 02-9X, you received while at JEHCC. During the hearing you were given the information concerning appeals and the time frames for the appeals [and] it is your responsibility to file within the time frame given in policy OP-060125. Relief denied." Id.

Petitioner attempted to appeal this decision. However, in a notice dated June 18, 2013, Petitioner was advised by ODOC's ARA that the grievance appeal was filed improperly because he could not employ the Inmate/Offender Grievance Process (OP-

090124) to appeal a misconduct received through OP-060125. This notice also informed Petitioner that "it appears as if you desire to appeal a misconduct outcome 'out of time due to no fault of your own.' If so, you must proceed in accordance with OP-060125." Motion to Dismiss, Ex. 13.

Petitioner submitted a Request to Staff to ODOC's ARA dated July 30, 2013. Motion to Dismiss, Ex. 14. In a notice dated August 19, 2013, Petitioner was advised that his appeal was filed improperly because "ARA previously responded to this issue on 6/18/13. You have been ruled out of time by the facility and are obviously out of time now." Id. at 2.

According to ODOC records, Petitioner was transferred from JEHCC to JHCC on November 15, 2012. Motion to Dismiss, Ex. 2, at 2. Respondent admits in the Motion to Dismiss that Petitioner had until December 5, 2012, to submit his misconduct appeal to JEHCC's facility head. Respondent asserts that Petitioner did not timely submit his misconduct appeal. In support of this assertion, Respondent relies on the affidavit of JEHCC Warden's Assistant Yandell.

Ms. Yandell avers in this affidavit that she searched JEHCC's records and could not find an appeal form received at JEHCC with respect to "misconduct 12-381" and "that no document was received from offender Cody Powell . . . during the month of December, 2012." Motion to Dismiss, Ex. 8. Ms. Yandell further avers that Petitioner's "January 18, 2013, Request to Staff, was referred to as a misconduct appeal in Ms. Monika Benton's January 22, 2013, reply memorandum." Id..

Petitioner alleges that prison officials obstructed his ability to exhaust his

11

administrative remedies concerning the misconduct decision because (1) he was not allowed access to his personal property for an unspecified period of time after he was transferred from JEHCC to JHCC, (2) Corporal Culwell would not give him an envelope for mailing his misconduct appeal on December 3, 2012, and (3) Corporal Culwell did not deliver the misconduct appeal after Petitioner gave the misconduct appeal form to him on December 3, 2012, even though Culwell stated to Petitioner that he would deliver it to the appropriate officials.

Respondent asserts that ODOC policy provides a remedy for an offender who has filed a misconduct appeal and not received a timely response. However, Respondent inconsistently asserts, based on Ms. Yandell's affidavit, that Petitioner did not submit a misconduct appeal to JEHCC officials at all. Moreover, as Respondent concedes, Petitioner utilized the grievance process and submitted a RTS in January 2013, in which he contended that he had not received a response to the misconduct appeal he gave to a JHCC official for mailing to JEHCC. Respondent admits that the response Petitioner received to this RTS mistakenly characterized Petitioner's RTS as a "misconduct appeal" rather than the initiation of a grievance concerning the lack of a response. Rather than continue with the prison's regular grievance process, Petitioner next attempted to appeal the misnamed "Misconduct Appeal Number 12-381." To be sure, Petitioner's confusion at this point is understandable. And in his "Misconduct Appeal Number 12-381" Petitioner alerted ODOC's ARA that he was actually asserting that he had never received a response to his misconduct appeal and that he had good cause for not timely submitting the misconduct appeal due to Mr. Culwell's

failure to mail the misconduct appeal as he promised Petitioner he would.

The ODOC's ARA simply advised Petitioner that his "misconduct appeal" was untimely. The ARA did not address the mistaken characterization of Petitioner's RTS as a "misconduct appeal" or address Petitioner's assertion that he had not received a response to his misconduct appeal and that he had shown good cause for not timely submitting a misconduct appeal.

Respondent contends that Petitioner could still have requested permission to appeal the misconduct decision out of time after he received the ARA's response to his misnamed "misconduct appeal." Respondent contends that Petitioner did not file a "Request to Director to Submit a Misconduct/Grievance Appeal Out of Time," as required by ODOC's policy, and he therefore failed to exhaust available administrative remedies. But this argument is misleading.

ODOC's policy provides that "[o]nce a disciplinary appeal has been denied by the reviewing authority and the administrative reviewing authority due to the appeal not being submitted in a timely manner, the offender may make one request to submit a disciplinary appeal out of time by completion of the 'Request to Director to Submit a Misconduct/Grievance Appeal Out of Time' form . . . ." Motion to Dismiss, Ex. 5, at 22 (OP-060125(VI)(A). In this form, "[t]he offender must prove by substantial evidence that he/she did not submit the disciplinary appeal in a timely manner through absolutely no fault of his/her own." Id. The form must be "submitted to the director and must be received within 30 calendar days of the date of denial of the untimely disciplinary appeal by the [ARA]." Id.

13

Petitioner should have been advised in response to his January 18, 2013 RTS that he had not followed the proper procedure for requesting a misconduct appeal out of time, but instead the JEHCC reviewing authority and the ARA misnamed his RTS as a "misconduct appeal." As a result of this mischaracterization, neither the reviewing authority or the ARA addressed Petitioner's claims that he had good cause for not timely pursuing a misconduct appeal because of obstruction by the JHCC official to whom he had timely delivered his misconduct appeal for mailing.

Respondent does not specifically address Petitioner's claims of obstruction/good cause. If, as JHCC Warden Addison stated in response to Petitioner's grievance No. 13-038, "Corporal Culwell did place [Petitioner's misconduct] appeal in the mail, as you requested," Respondent has not reasonably explained Ms. Yandell's statement that JEHCC did not receive any misconduct appeal from Petitioner in December 2012 or Ms. Benton's contradictory statement that Petitioner's "misconduct appeal" was being returned by JEHCC officials because it was not timely filed.

Under these circumstances, even though Petitioner has not exhausted administrative or state judicial remedies, it would appear that a finding of nonexhaustion and a dismissal of the action without prejudice to the completion of administrative and state judicial remedies would be futile. See Beaver v. Saffle, 216 F.3d 918, 924 n. 3 (10th Cir. 2000)("'An exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'")(quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam))). Prison

officials had the opportunity to review Petitioner's claims that he was not at fault in failing to pursue a timely misconduct appeal, but the officials merely determined that his misnamed "misconduct appeal" was untimely. Consequently, Respondent's Motion to Dismiss the action on the basis of lack of exhaustion should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 14) be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     May 28th     , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   8th   day of   May   , 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE