# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CODY POWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1297-R |
| | ) | |
| MICHAEL ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Motion to Dismiss filed by Respondent Michael Addison. Doc. No. 14. This matter was referred to United States Magistrate Judge Gary Purcell. On May 8, 2014, Judge Purcell entered a Report and Recommendation recommending that Respondent's Motion to Dismiss be denied, Doc. No. 17, and Respondent has timely filed his objections to this. Doc. No. 18. Upon de novo review of the record, the Court ADOPTS the Report and Recommendation. Respondent's Motion to Dismiss is DENIED.

In this case, Petitioner is challenging the execution of his sentence, meaning that his Petition for Writ of Mandamus (Emergency) should be construed as a petition under 28 U.S.C. § 2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Moreover, unless futile, exhaustion of available state administrative and judicial remedies is required prior to bringing a petition under § 2241. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

Judge Purcell's Report and Recommendation carefully considers the circumstances surrounding Petitioner's attempts at exhaustion of his available administrative remedies prior to the filing of this case, concluding that "even though Petitioner has not exhausted administrative or state judicial remedies, it would appear that a finding of nonexhaustion and a dismissal of the action without prejudice to the completion of administrative and state judicial remedies would be futile." Doc. No. 17, at 14 (citation omitted). In his objections, Respondent does not take issue with Judge Purcell's analysis concerning Petitioner's attempts at exhaustion of his available administrative remedies. Respondent still argues, though, that Petitioner's case should be dismissed due to his purported failure to exhaust state court remedies.

As mentioned in both the Report and Recommendation and Respondent's objections, Oklahoma law provides for state court review of prison disciplinary actions. Under Okla. Stat. tit. 57, § 564.1(A), "[i]n those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, *after exhausting administrative remedies*, may seek judicial review in the district court of the official residence of the Department of Corrections." (emphasis added). In other words, for a prisoner to have his or her claims heard by the state court pursuant to the review process contemplated by § 564.1, the prisoner must first exhaust available administrative remedies. And failure to exhaust available administrative remedies results in the state court lacking jurisdiction to hear the prisoner's claims. *See Schubert v. Jones*, 535 F. App'x 723, 724 (10th Cir. 2013) (observing that following a petitioner's failed attempts to administratively appeal his prison disciplinary convictions, the state court dismissed

his petition for judicial review under § 564.1 for lack of jurisdiction due to the fact that he "never fully exhausted [his] administrative remedies").

Therefore, if Petitioner had attempted at any point to seek state judicial review under § 564.1, the state court would have dismissed his claims for lack of jurisdiction due to his failure to exhaust his administrative remedies. Further, as thoroughly explained in the Report and Recommendation, Petitioner's failure to exhaust his administrative remedies was through no fault of his own. Consequently, the Court agrees with Judge Purcell's conclusion that Respondent's Motion to Dismiss based upon Petitioner's failure to exhaust state remedies should be denied, as "a finding of nonexhaustion and a dismissal of the action without prejudice to the completion of administrative and state judicial remedies would be futile." Doc. No. 17, at 14 (citation omitted).

For the foregoing reasons, the Report and Recommendation entered by Magistrate Judge Purcell on May 8, 2014 is ADOPTED. Respondent's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 4th day of August, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE