IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CODY POWELL, )
 )
      Petitioner, )
 )
 ) CIV-13-1297-R
v. )
 )
MICHAEL ADDISON, Warden, )
 )
      Respondent. )

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, who appears *pro se*, filed this action seeking a writ of mandamus. The action has been construed as a petition under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Order (Doc. # 19). Respondent has responded to the Petition. Although advised of the opportunity to file a reply, Petitioner has not done so within the allotted time. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the 28 U.S.C. § 2241 petition for writ of habeas corpus be denied.

I. Petition and Background

In his Petition filed December 10, 2013, Petitioner alleges that his constitutional rights were violated in a disciplinary proceeding conducted at the James E. Hamilton Correctional Center ("JEHCC") in Hodgen, Oklahoma. Following this disciplinary proceeding, Petitioner was transferred from JEHCC to the Joseph Harp Correctional Center ("JHCC") in Lexington,

1

Oklahoma, where he was confined when he filed the Petition.[1]  See Petition, att. 8.

On October 19, 2012, Petitioner was charged at JEHCC with the misconduct offense of Individual Disruptive Behavior. The Offense Report charged that on October 19, 2012, at approximately 4:55 p.m. Petitioner "ran from Cpl. Harvell after being ordered to stop." Doc. # 14, Ex. 4. Petitioner received notice of the charge and requested a hearing. Id.

The offense report was investigated, and the investigator noted in the Investigator's Report that Petitioner opted to make a statement at the disciplinary hearing, that he did not wish to present a witness, and that Petitioner had received copies of the offense report, two incident reports completed by officers Thompson and Harvell, and the investigator's report. Id., Ex. 6.

A disciplinary hearing was conducted on October 30, 2012, at which Petitioner appeared and entered a not guilty plea to the charge of Individual Disruptive Behavior. Id., Ex. 7. The hearing officer found Petitioner guilty and noted the evidence relied on to support the finding of guilt included: "Offense report, investigator's report, incident reports and Officer Harvell's statement that 'on the above date and approximate time offender ran from Cpl. Harvell after being ordered to stop,' and offender Powell did not present evidence in court to refute the charge of Individual Disruptive Behavior, 02-9 Class X." Id. Punishment

---

[1]On December 17, 2014, soon after he filed this Petition, Petitioner was transferred from JHCC to the Northeast Oklahoma Correctional Center in Vinita, Oklahoma. See Respondent's First Motion to Dismiss, Exs. 1, 2. Respondent asserts in the Response that Petitioner is now in custody at the Dick Conner Correctional Center ("DCCC") in Hominy, Oklahoma, and that DCCC Warden Terry Martin is now the proper respondent. Petitioner has not, however, notified the Court of any change in his address. Moreover, the Response was filed by Warden Addison. Therefore, the Court should decline to substitute Warden Martin for Respondent Addison at this time.

imposed for the misconduct included 30 days of disciplinary segregation, the loss of 365 days of earned credits, and six months of canteen restriction. Id. The facility head affirmed the finding of guilt and punishment, and Petitioner received a copy of the hearing report on November 5, 2012. Id.

Petitioner alleges that he was deprived of due process in the disciplinary proceeding for this misconduct charge because (1) the hearing on the misconduct charge was postponed from October 26, 2012, to October 30, 2012, without notice, (2) the investigator, Mr. Kincaid, did not provide him a copy of the incident report, (3) the investigator did not take a written statement from Petitioner but noted on the investigation report that Petitioner would make a statement at the hearing, (4) the investigator did not "collect relevant material such as the incident from the 'event' when the correctional officer used excessive force which resulted in the Petitioner sustaing [sic] an injury," and (5) the investigator "did not attempt to aide [sic] me in locating and identifying witnesses in accordance with the D.O.C. OP 060125-01." Petition for Writ of Mandamus (Emergency), at 1.

Petitioner further contends that the hearing commenced on October 30, 2012, "moments after the Petitioner ingested his medication for depression and antipsychotic [sic] which causes drowsiness," and that he requested the hearing be rescheduled because he was "impaired." Petitioner alleges that the hearing officer, Mr. Shipley, denied the request, and that Mr. Shipley was biased against Petitioner because Petitioner had previously filed grievances against Mr. Shipley. Petitioner suggests that the misconduct charge was retaliatory against Petitioner for complaining about excessive force that injured Petitioner.

3

As relief, Petitioner requests that this Court direct ODOC to take certain actions. He demands that the misconduct be vacated and expunged from his institutional record, that his previous classification level be retroactively reinstated, that the sentence credits forfeited in the disciplinary proceeding be returned to his sentence calculation, and that ODOC be directed to transfer him to a minimum security prison.

II. <u>Due Process in Institutional Disciplinary Proceedings</u>

Petitioner has a liberty interest in the earned credits which were removed in the disciplinary proceeding he is challenging. It is well-established that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" <u>Taylor v. Wallace</u>, 931 F.2d 698, 700 (10th Cir. 1991)(quoting <u>Ponte v. Real</u>, 471 U.S. 491, 495 (1985)).

The Supreme Court recognized in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id.</u> at 556. When a prison disciplinary proceeding may result in the loss of earned, or good conduct, credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1984). The revocation of earned credits must also be supported by "some evidence" in the record in order to comport with due process in these

4

circumstances. Id. A review of institutional disciplinary proceedings based on this standard does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." Id. at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-456.

Thus, this Court's review of Petitioner's institutional disciplinary proceeding is "limited to whether the three steps mandated by Wolff were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).

The record of the disciplinary proceeding being challenged by Petitioner clearly shows that Petitioner was afforded due process commensurate with the foregoing standard. In an Incident Report completed by JEHCC officer Harvell, officer Harvell stated that on October 19, 2012, he "was making rounds" at the prison and

> came to Cell 1C62. When I looked into the cell I noted Offenders Nicholas . . . and Powell . . . inside the cell. Offender Powell is assigned to 1C54. I then opened the cell door and ordered both offenders to place their hands on their head and step out of the cell. It was at this time that Offender Powell took off running. I then ordered Offender Powell to stop. He turned and looked at me and ran out the door. Offender Powell then ran in front of the cell house and cut behind laundry. I caught up with Offender Powell between the chapel and education building. I then ordered him to the ground and to get flat on his stomach, [and] he complied. I then got in a four point stance and placed Offender Powell in handcuffs. After restraining Offender Powell, I performed a felony search of his person. No contraband was found on him. No use of force was required to affect the arrest. Offender Powell was escorted to control and

placing in holding.

Doc. # 14, Ex. 3, at 1-2. JEHCC officer Thompson stated in an Incident Report that he was assisting officer Harvell and "observed Offender Powell run from officer Harvell after being ordered to stop." Doc. # 14, Ex. 3, at 3. These Incident Reports, which the disciplinary hearing officer relied upon in reaching the finding of guilt, provided some evidence to support the guilty finding.

The Investigator's Report reflects that Petitioner's disciplinary hearing was originally scheduled for October 26, 2012. Petitioner appeared at the disciplinary hearing conducted on October 30, 2012, and he has not alleged that the four-day delay in holding the hearing prejudiced his ability to offer a defense to the misconduct charge. Thus, any failure to provide him written notice of the four-day delay in conducting the hearing was harmless.

The Investigator's Report indicates that Petitioner declined to give a statement at that time and opted to wait to give a statement at the disciplinary hearing. Petitioner has not shown any prejudice as a result of his own decision.

The Offense Report reflects that Petitioner chose not to sign the Offense Report when it was delivered to him on October 24, 2012. The Investigator's Report reflects that Petitioner was given copies of the Incident Report completed by officer Thompson and the Incident Report completed by officer Harvell. Although Petitioner denies that he was given copies of the officers' incident reports, the investigator noted on the Investigator's Report that petitioner refused to sign the Investigator's Report or the Record of Delivery of Copies of Evidence to Offender, which would have acknowledged his receipt of copies of the

6

Investigator's Report, the offense report, and the incident reports. Petitioner's refusal to sign these documents indicates only that he refused to sign the documents and not that the investigating officer failed to give him copes of the documents prior to the hearing.

Petitioner appeared at the disciplinary hearing and entered a not guilty plea. Petitioner's signature on the disciplinary hearing report reflects that he received a copy of the disposition on November 5, 2012. Petitioner has provided no support for his conclusory claims that he was "impaired" at the time of the hearing or that the disciplinary hearing officer was biased or motivated by retaliation for Petitioner's earlier complaints against the officer. These claims are, therefore, meritless.

Petitioner's claim that officer Harvell used excessive force is not indicative of a lack of due process in the disciplinary proceeding. Petitioner's claim that the investigating officer did not assist him in locating evidence or witnesses is also not indicative of a lack of due process in the disciplinary proceeding. Petitioner does not contend that specific witnesses or exculpatory evidence were available at or before the time of the disciplinary hearing. Because Petitioner received all of the process he was due in the disciplinary proceeding and there was some evidence to support the finding of guilt in the disciplinary hearing, the Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus be DENIED. The parties are advised of their respective right to file an objection to this Second Supplemental Report and Recommendation with the Clerk

of this Court by September 24th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   4th   day of   September  , 2014.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE