IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| CODY POWELL, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-1297-R |
| | ) |
| MICHAEL ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

# ORDER

Before the Court is the Second Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered September 4, 2014. Doc. No. 22. Petitioner has filed an objection to the Magistrate Judge's conclusions in the report and recommendation. Doc. No. 23. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

Petitioner, a state prisoner appearing pro se, has filed a Petition for Writ of Mandamus (Emergency) [Doc. No. 1] that the Court interprets as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Order, Doc. No. 19, at 1. Petitioner alleges that he was deprived of due process in a disciplinary proceeding conducted at James E. Hamilton Correctional Center in 2012. Doc. No. 1, at 1.[1] The charge was "Individual Disruptive Behavior" for running from a prison official, Officer Harvell, after being told to stop, and the punishment imposed was thirty days of disciplinary segregation, six months of

---

[1] Petitioner contends that due process was also violated when a prison official did not provide him with an envelope to mail his appeal of the disciplinary board's finding to the warden. Doc. No. 23, at 2. Because the Court denied Respondent's Motion to Dismiss due to the futility of completing administrative and state judicial remedies in this case, Doc. No. 3, at 3, any alleged error was harmless.

canteen restriction, and the loss of 365 days of earned credits. Doc. No. 14, Ex. 7. Petitioner asks the Court to vacate the misconduct finding and expunge it from his record, retroactively reinstate him to his previous classification level, return his earned credits, and transfer him to a minimum security prison. Doc. No. 1, at 2.

## Analysis

Petitioner had a liberty interest in his earned good time credits, "which could not be taken from him in a prison disciplinary hearing without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Ponte v. Real*, 471 U.S. 491, 495 (1985). But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a proceeding could result in the loss of good time credits, "the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). This Court's review "is limited to whether the three steps mandated by *Wolff* were followed and whether there was some evidence to support the disciplinary committee's findings." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). The three *Wolff* requirements are subject to a harmless error analysis. *Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011) (unpublished); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("[E]rrors made by prison

2

officials in denying witness testimony at official hearings are subject to harmless error review.").

   A. **Advance Notice**

First, Petitioner must receive advance written notice of the disciplinary charge no less than twenty-four hours before the hearing. *Wolff*, 418 U.S. at 564. The Investigator's Report notes that Petitioner refused to sign to acknowledge receipt of the Offense Report, two Incident Reports, and the Investigator's Report provided to him on October 24, 2012. Doc. No. 14, Ex. 6. As noted in the Investigator's Report, the hearing was initially scheduled for October 26. *Id.* Petitioner does not dispute receiving written notice of the charge and the October 26 hearing, but rather argues that he did not receive notice of the October 30 rescheduled hearing date. *See id.*, Ex. 7. He alleges that this was not harmless error because if he had been notified of the rescheduled hearing, he could have taken his depression and antipsychotic medication, which causes drowsiness, after the hearing. Instead, he took his medication right before the hearing and was thus impaired and unable to defend himself. Doc. No. 1, at 1.

First, Petitioner has not alleged any prejudice resulting from the delayed hearing in his ability to *prepare* a defense. *See Wolff*, 418 U.S. at 564 ("Part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." (citation omitted)).

Second, his conclusory allegation that he was impaired during the hearing because of medication is insufficient to successfully challenge the disciplinary board's determination. Petitioner does not cite a standard by which the Court is to analyze his

competency claim, and the Court has not found Tenth Circuit precedent on this issue. Nevertheless, the Court can analyze by analogy. A habeas petitioner who raises a due process claim based on his competency at trial "must establish that a reasonable judge should have had a bon[a] fide doubt as to his competence at the time of trial." *Gilbert v. Mullin*, 302 F.3d 1166, 1178 (10th Cir. 2002) (quoting *McGregor v. Gibson*, 248 F.3d 946, 954 (10th Cir. 2001)). Because a defendant in a prison disciplinary proceeding does not enjoy the "full panoply of rights" as a defendant in a criminal prosecution, *Wolff*, 418 U.S. at 556, Petitioner must satisfy *at least* this burden of proof, and he fails to do so. Although he alleges that he was impaired, conveyed this to the hearing officer, and requested that the hearing be rescheduled, Doc. No. 1, at 1, this is insufficient to establish that the hearing officer "should have had a bona fide doubt as to his competence." Moreover, Petitioner has not alleged what he would have said in his defense that could have changed the outcome of the hearing.[2]

Petitioner further argues that disciplinary procedures require prison officials to provide notice of and document any change in the date and time of a hearing. Doc. No. 23, at 1. However, "[t]he mere fact that a prison violates its own rules does not create a due process violation." *Wojtkiewicz v. Gunter*, 978 F.2d 1268, 1268 (10th Cir. 1992)

---

[2] Petitioner states in his objection that he was "in and around the gymnasium close to the approximate time of the incident," and that Harvell was "looking around puzzled and checking several offenders including the Petitioner who were coming from the gymnasium. Corporal Harvell accused the Petitioner of eluding because he was sweaty, but not breathing rapidly." Doc. No. 23, at 1. Assuming this is the defense Petitioner would have provided at the hearing had he been informed of the rescheduled hearing, he waived this argument by failing to raise the defense with the Magistrate Judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived."). The Court notes that Petitioner was given until August 26, 2014 to reply to the Response to the Petition filed August 7, 2014, Doc. No. 21, but failed to do so.

(unpublished) (citing *United States v. Caceres*, 440 U.S. 741 (1979)). Thus, the Court finds that Petitioner received adequate notice.

### B. Present Witnesses & Documentary Evidence

Second, Petitioner must be given an opportunity to call witnesses and present documentary evidence in his defense. He argues that the investigator, in violation of prison regulations, did not conduct a field test, help him identify and locate witnesses, or permit him to call witnesses, make a statement, or collect relevant documentation to present at the hearing, in violation of prison regulations. Doc. No. 1, at 1, Doc. No. 23, at 1. First, Petitioner must allege more than a violation of a prison regulation. *Wojtkiewicz*, 978 F.2d 1268. Second, the record reflects that Petitioner declined to present witnesses and did not present documentary evidence to the investigator. Doc. No. 14, Ex. 6, at 1. Finally, he has "no viable due process claim about the quality of assistance that he received from the staff." *Jordan v. Wiley*, 411 F. App'x 201, 209 (10th Cir. 2011) (unpublished). Therefore, the Court finds no due process violation in these allegations. *See Grossman v. Bruce*, 447 F.3d 801, 804 n.1 (10th Cir. 2006) ("Grossman also makes conclusory statements that he was improperly denied the right to present evidence and that one or more other witnesses were not called at his disciplinary hearing. He does not identify any of these other witnesses in his appellate brief, nor does he explain what evidence he was unable to introduce, making it impossible to review this claim.").

Petitioner contends that it was a violation of due process for the investigator not to produce and consider the videotape that depicts the interaction between him and Officer Harvell at the time of the incident. Doc. No. 23, at 1. But Petitioner has not alleged that

he asked to see the tape or have it considered and that this request was denied. Absent an explicit request that prison officials denied, the Court finds that Petitioner suffered no due process violation with regard to any videotape.

He further argues that he was not provided a copy of the Incident Report detailing the nurse's assessment of his injuries after his interaction with Harvell, which would "exonerate him of the offense." *Id.* Petitioner has not alleged how this medical report would assist in a defense to the disruptive behavior charge. Therefore, any alleged error in not providing him with a medical Incident Report was harmless.[3] Similarly, Petitioner's allegation that he was not permitted to make a statement prior to the hearing does not violate due process because he does not dispute that he had an opportunity to do so at the hearing. *Id.* The Court finds that Petitioner had an opportunity to present witnesses and documentary evidence in his defense.[4]

**C. Factfinder's Written Statement**

Third, the factfinder must give Petitioner a written statement of the evidence relied on and the reasons for the disciplinary action. Petitioner does not dispute that he received such a statement. The evidence relied on included several reports and Officer Harvell's

---

[3] Petitioner also alleges that the use of excessive force by Officer Harvell constitutes a due process violation. Doc. No. 23, at 1. However, an allegation of excessive force does not implicate a lack of due process in Petitioner's disciplinary hearing. Claims of excessive force by convicted prisoners are analyzed under the Eighth Amendment, not the Fourteenth Amendment. *Berry v. City of Muskogee*, 900 F.2d 1489, 1494 (10th Cir. 1990). Although Petitioner may have a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment, which the Court does not address, Petitioner's allegation of excessive force does not constitute a due process violation cognizable under 28 U.S.C. § 2241.

[4] Petitioner alleges that the notation on the Investigator's Report that he "will make statement at hearing" is "constitutionally vague and indefinite." Doc. No. 14, Ex. 6; Doc. No. 23, at 1. The doctrine that a law is void for vagueness under the due process clause does not apply to a prison official's Investigator's Report. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.").

statement that "on the above date and approximate time Offender ran from Cpl. Harvell after being ordered to stop. And Offender Powell did not present evidence in court to refute the charge of Individual Disruptive Behavior." Doc. No. 14, Ex. 7. The basis for the discipline was "to deter future negative behavior." *Id.* Petitioner's signature appears at the bottom of the Disciplinary Hearing Report, acknowledging receipt of this report. *Id.* Accordingly, this element of due process was satisfied.

**D. "Some Evidence"**

Finally, there must be "some evidence" to support the findings of the disciplinary committee. In *Hill*, the case that established the "some evidence" standard, the Supreme Court found there was sufficient evidence to satisfy due process when the disciplinary board reviewed "testimony from the prison guard and copies of his written report" discussing his observations. *Hill*, 472 U.S. at 456-57. In the present case, the disciplinary board relied on the Offense Report, the Incident/Staff Report, and Officer Harvell's statement in the Offense Report describing Petitioner running from him after he told him to stop. Doc. No. 14, Ex. 7. Such evidence constitutes "some evidence" to support the finding of guilt.

Petitioner challenges Harvell's credibility in his objection. Doc. No. 23, at 1. The Court's role, however, is not to weigh the evidence presented to the disciplinary board. As long as there is "some evidence" to support the board's findings, that is sufficient. *Mitchell*, 80 F.3d at 1445 (declining to analyze "the reliability of the statement relied on to discipline" the petitioner).

Petitioner's last argument is that the Disciplinary Hearing Officer Jimmy Shipley was retaliating against him in the proceeding because Petitioner had filed multiple grievances against Shipley. Doc. No. 1, at 1, Doc. No. 23, at 2. This conclusory statement is insufficient to demonstrate that Shipley harbored a bias against Petitioner or retaliated against him in any way. Therefore, the Court finds that the "some evidence" requirement was met.

## **Conclusion**

In accordance with the foregoing, the Report and Recommendation is ADOPTED, as supplemented herein, and Petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1] is DENIED.

IT IS SO ORDERED this 14th day of October, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE